STATE OF TENNESSEE ex rel. ANDREW J. DOYLE, Judge, etc.

*v.*

JOE E. TORRENCE, etc., et al.

(*Nashville,* December Term, 1957.)

Opinion filed February 6, 1958.

176

ELKIN GARFINKLE, JACK NORMAN, SR., and Z. T. OSBORN, JR., Nashville, for appellants.

FRANK S. KING, JR., RAYMOND H. LEATHERS, City Attorney, Nashville, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The question for our decision is what was meant by the Limited Constitutional Convention of 1953, when it drafted and submitted to the people Amendment No. 6, which amendment was approved by the people. This

language now appears in Article 11, Section 9, and in the second paragraph thereof. The question for our determination is what is meant when it is provided that in this section of our Constitution it is provided that all Acts, private or local in form, may be enacted by the Legislature to become effective upon "approval by a two-thirds (2/3) vote of the local legislative body of the municipality or county * * *".

The appellant contends that a quorum of the legislative body being present, a vote of eight for, to two against constitutes "approval by a two-thirds (2/3) vote of the local legislative body * * *", of the City of Nashville.

The Chancellor held that an affirmative vote of two-thirds of the entire membership of the "local legislative body" was required by this constitutional provision.

The matter has been well briefed, ably argued and we now have the question for determination. Frankly we have read and re-read the briefs and authorities and after considerable deliberation have concluded as will be hereinafter shown.

The 1957 General Assembly, in Chapter 200, made a provision for a pension for one of the City Judges of Nashville. The Act provided, in compliance with the Constitutional provision, that this Act would become effective upon approval of two-thirds vote of the City Council of the City of Nashville. The City Council met in regular session, and a quorum being present, considered the Resolution expressing approval by the City Council of this provision of Chapter 200. The City Council voted eight for approval and two against approval. Nine councilmen, although present, cast no vote. The

presiding officer ruled that the resolution failed. The City Charter provides that the City Council of Nashville consist of twenty-one members and that a majority vote of the City Council is defined as eleven affirmative votes and a two-thirds vote of the Council is defined in the Charter as fourteen affirmative votes.

After it had been ruled that the resolution failed to pass, Judge Doyle carried out certain technical requirements to make himself subject to this pension law. These things were refused by the City officials and the present bill for mandamus was instituted.

The defendants answered and insisted that this bill must fail because it lacked a two-thirds vote as required by the Constitution of Tennessee. After proper submission to the Chancellor the Chancellor held with the City to the effect that the two-thirds vote required by the Constitution had not been complied with. Thus it is that we have the present appeal.

Section 9 of Article 11, of our Constitution as now in effect provides that all local acts,

"shall be void and of no effect unless the act by its terms either requires the approval by a two-thirds vote of the local legislative body of the municipality or county, * * *."

Does this phrase as carried in the Constitution, "approval by a two-thirds vote of the local legislative body of the municipality or county", as used mean a two-thirds vote of a quorum or a two-thirds vote of the entire membership of the "local legislative body"?

The argument obviously of the appellant is that where there is a majority present and there are two-thirds of those voting vote favorably then this constitutional requirement is complied with. Their argument is that as long as there is a quorum present and two-thirds of those that actually vote vote in favor of the thing that then this constitutional requirement is complied with, disregarding those who failed to vote. This contention is supported by our case of *Collins v. Janey,* 147 Tenn. 477, at page 485, 249 S.W. 801, at page 803. We in this case approved and adopted the rule that under the common law where a quorum is present, a majority of those actually voting are sufficient to validate the measure under consideration. The theory and underlying reason for this holding is that those who were present and did not vote were considered to have been favorable to the legislation. The question though in the Collins case does not determine the question here because in the Collins case the court there dealing with the proposition where the Act was silent as to the number of members necessary to constitute a quorum and under such a situation held as above indicated. Under the Charter of the City of Nashville it is provided that before anything done shall pass that it must have a majority vote which is defined as eleven members affirmatively and for a two-thirds vote it is defined as fourteen members affirmatively. Thus it is that the Collins case is not authority here.

The Limited Constitutional Convention adopted Robert's Rules of Order as the governing rules to govern that convention where there was no statutory law otherwise. In Section 48, at page 204, of Robert's Rules of

Order the following definition is given which is applicable to the situation before us.

"Two-thirds Vote. A two-thirds vote means two-thirds of the votes cast, ignoring blanks which should never be counted. This must not be confused with a vote of two-thirds of the members present, or two-thirds of the members, terms sometimes used in by-laws. To illustrate the difference: Suppose 14 members vote on a question in a meeting of a society where 20 are present out of a total membership of 70, a two-thirds vote would be 10; a two-thirds vote of the members present would be 14; and a vote of two-thirds of the members would be 47."

Obviously under the language that we have for interpretation it is provided that it shall have approval of two-thirds vote "of the local legislative body" of the municipality or county. Thus the rule as set out by Roberts here would be the last sentence copied, that is, "* * * out of a total membership of 70, * * * a vote of two-thirds of the members would be 47". Or, in other words, a two-thirds membership of the "local legislative body" of the City of Nashville (the body consists of 21 members) would be 14. Thus as we see it under the language used by this constitutional provision here a two-thirds vote of the "local legislative body" would not be two-thirds of those present or two-thirds of the members voting but would be two-thirds of this legislative body which in this instance is 14.

The contention of the appellant is that this language of this constitutional provision is simple and plain and unambiguous and means two-thirds of those voting if

there is a quorum present. Obviously the language is not so clear and unambiguous as is contended for. It is noted that on pages 1121, 1122, 1123 and 1124 of the judicial proceedings of the Limited Constitutional Convention this question came up for discussion. In this discussion Mr. Pope was just as positive that the language was clear and unambiguous and meant "two-thirds vote by the Local Legislative Body, that means, and I don't think it could mean anything else than two-thirds of the full membership of that body." Others in the discussion at the Constitutional Convention had a different idea. It was finally concluded though, in this Constitutional Convention, that the provision as submitted to the people would not be changed or added to but that they would just agree after the discussion was had about it that it meant as Mr. Pope had interpreted it to mean.

Of course this discussion of the members of the Limited Constitutional Convention on this question is not binding on us but it has long been settled in this State that if there was any doubt about the meaning of the Constitution that those having doubt about it had the obligation first of examining the proceedings of the Constitutional Convention which has adopted this provision and see from the proceedings what the framers of the resolution intended it to be. The first case that applied this ruling was *State v. Cloksey,* 37 Tenn. 482, decided just one hundred years ago. By the way the Cloksey case was an interpretation of certain language in the Constitution of 1834. We have followed this case and in reference to the interpretation of the present constitutional amendments in the case of *Shelby County v. Hale,* 200 Tenn. 503, 292 S.W.2d 745, at page 748.

■ It is contended by the appellants that we should not follow this interpretation as put on by those discussing this constitutional amendment who were members of the Limited Constitutional Convention but that we should look to what the ordinary meaning of the language was and what the people who voted for this constitutional amendment would think that the language meant. As authority for this position which is sound, The Judges' Cases, 102 Tenn. 509, 519, 53 S.W. 134, 46 L.R.A. 567, is cited as well as *State v. Wilson*, 80 Tenn. 246, 247, 260. This is a sound proposition and is one of the means that the Court may adopt in looking to what was the meaning of this constitutional language.

■ We have set out above what the members of the Limited Constitutional Convention finally concluded. Be that as it may we think that the "man of the street" would have interpreted this language to mean, that is the language "a two-thirds vote of the local legislative body of the municipality or county", to mean two-thirds of the total membership of the body, not two-thirds of those voting or anything of the kind but that the language meant just exactly what it says, "two-thirds of the local legislative body", that is, of the total body of all of them put together, not just a few that might vote.

The principal reason back of the proposition that two-thirds means two-thirds of those voting where there is a quorum present, is in the language of the Collins case, *supra* [147 Tenn. 477, 249 S.W. 804].

"Those who are present, and who help to make up the quorum, are expected to vote on every question, and their presence alone is enough to make the vote

decisive and binding, whether they actually vote or not.''

And that being present and keeping silent is an affirmative vote. What person who votes, unless he has certain technical knowledge, would ever arrive at the idea that two-thirds of the "local legislative body" meant that if they were present and did not vote at all that they would be considered to have voted? We think the question answers itself because as we see it no one would hardly reach such a conclusion.

Then there is another rule of law too, those that are present and do not vote and cast blank ballots which is different from those who are present and just do not vote and do not open their mouths. These distinctions are pointed out in the *Collins v. Janey* case, *supra*.

After a very thorough investigation of all the authorities cited, we cannot see that the authorities from outside the state help us in the least because the language in the situation is entirely different from that before us. We must conclude that the meaning of this language is that it means two-thirds of the membership of the body, not two-thirds of those present or two-thirds of those voting but the two-thirds would be "a vote of two-thirds of the members." Thus it is that the decree of the Chancellor must be affirmed.