Millard **KESTERSON**, Jr., Appellant,

v.

Jim **McKEE**, County Judge of Henry County, Tennessee, et al., Appellees.

Court of Appeals of Tennessee, Western Section.

June 6, 1975.

Certiorari Denied by Supreme Court Sept. 8, 1975.

Hugh K. McLean, Paris, for appellant.

Robert F. Swayne, Paris, for appellees.

MATHERNE, Judge.

The appellant Millard Kesterson, Jr., the General Sessions Judge of Henry County, Tennessee, challenges the constitutionality of Chapter 296 of the Private Acts of 1974 which divested the county judge of Henry County, Tennessee, of juvenile jurisdiction and vested that jurisdiction in the Court of General Sessions of Henry County, Tennessee.

The Chancellor held the Private Act valid in all respects, and duly adopted by the County Court of Henry County, Tennessee, as required by Article 11, Section 9 of the Constitution of Tennessee.

The plaintiff on appeal raises several constitutional questions, but we deem Assignment of Error II to be determinative of this appeal. And, we note this assignment goes to the only fact issue in the lawsuit, and deals with the only question which gives this Court jurisdiction under the provisions of T.C.A. § 16–408.

Assignment of Error II is as follows:

"The Chancellor erred in holding that the action of the Henry County Quarterly Court in ratifying said Act was effective and that there were a sufficient number of "aye" votes to constitute the required two-thirds (⅔) majority for ratification."

In accordance with Article 11, Section 9 of the Constitution of Tennessee, the legislature required a two-thirds vote of the Quarterly County Court of Henry County before Chapter 296 of the Private Acts of 1974 would be effective. That constitutional provision provides that all local acts—

"shall be void and no effect unless the act by its terms either requires the approval by a two-thirds vote of the local legislative body of the municipality or county, or . . ."

The minutes of the Quarterly County Court of Henry County at its regular meeting on June 17, 1974, establishes that the issue of ratifying Chapter 296 was duly presented to that body, and the vote was 13 "yes"; 1 "no"; 2 "passed"; and 2 "absent." It is stipulated the authorized membership of the Quarterly County Court of Henry County is 18 members.

It is stipulated that the one "no" vote (Thomas Kesterson) had removed himself from his district prior to the above vote and his vote was invalid. It is also stipulated one "yes" vote (M. M. Callicott) had removed himself from his district prior to the vote and his vote was invalid. The Chancellor found another "yes" vote (John Steele) had removed himself from his district prior to the above vote and his vote was invalid. That decision is not appealed from and is treated as final.[1]

As result we find the total legitimate vote was 11 "yes"; 2 "passed"; and 2 "absent."

Under the facts, the issue is whether the 11 "yes" votes constitutes "approval by a two-thirds vote of the local legislative body" as required by Article 11, Section 9 of the Constitution.

The appellees insist the 11 votes constitutes two-thirds of the present 15 member body of the Quarterly Court, and therefore constitutes a ratification. The appellant argues the constitutional requirement is a two-thirds vote of the authorized membership of 18, and therefore Chapter 296 was not approved.

In *State ex rel. Doyle v. Torrence* (1958), 203 Tenn. 175, 310 S.W.2d 425, the Court held the language of Article 11, Section 9 now under consideration, requires a two-

---

1. For authority that these votes were invalid see and compare: *Whitehead v. Clark* (1922) 146 Tenn. 660, 244 S.W. 479; *Bailey v. Greer* (Tenn.App.1971) 468 S.W.2d 327.

thirds vote of the total membership of the local legislative body, and does not permit an approval by a two-thirds vote of those present or a two-thirds vote of those voting.

The case at bar requires the additional determination of whether the "total membership" referred in *State ex rel. Doyle* means the total effective membership at the time of the particular vote, or does it mean the total authorized membership.

■ Looking again to the reasoning and verbiage in *State ex rel. Doyle*, supra, in the light of the facts there presented, we conclude the constitutional requirement is a two-thirds vote of the authorized membership of the local legislative body.

It matters not that *certain members of the local legislative body may have resigned, died, moved from their district, or committed any other act which resulted in a total effective membership of less than the authorized membership.* The clear constitutional mandate as recognized in *State ex rel. Doyle*, supra, requires an affirmative vote of two-thirds of the authorized membership of the local legislative body.

■ It results Chapter 296 of the Private Acts of 1974 was not approved by the Quarterly County Court of Henry County, and no person or official may perform thereunder. This holding renders moot all other questions raised on appeal.

The decree of the Chancellor is reversed and this lawsuit is dismissed. The costs in the trial court and in this Court are adjudged against the defendants-appellees.

The Honorable Charles O. McPherson, by appointment of the Chief Justice of the Supreme Court of Tennessee, sat on this lawsuit in the place of Judge Charles E. Nearn.

CARNEY, P. J., and McPHERSON, Special Judge (concur).